ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Rawaat Algaidaa Co. ) | ASBCA No. 59735 |
| ) | |
| Under Contract No. W91GF5-07-M-3125 ) | |

APPEARANCE FOR THE APPELLANT:      Ms. Gaidaa H. Farj
         Owner/Manager

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
         Army Chief Trial Attorney
         MAJ Michael G. Pond, JA
         Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER ON THE GOVERNMENT'S MOTIONS TO DISMISS FOR LACK OF JURISDICTION

In this appeal regarding a contract to furnish supplies in Iraq, the Army has filed two motions to dismiss for lack of jurisdiction, asserting in both that appellant Rawaat Algaidaa Co. (Rawaat) did not submit a claim to the contracting officer. We grant the motion and dismiss the appeal.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTIONS

1. Effective 28 July 2007, the Army awarded Contract No. W91GF5-07-M-3125 (the contract) to Al Hujaz Company (Al Hujaz) to supply miscellaneous electrical parts (R4, tab 1 at 2-3). The address for Al Hujaz is specified simply as Balad, Iraq (*id.* at 1). Only Al Hujaz is identified as the contractor. There is no indication on the face of the contract that Rawaat was a party to the instrument (*id.*).

2. By Modification No. P00001 effective 24 August 2007, the government terminated the contract "due to vendor, Al-Hujaz unable to fulfill the requirements and non-compliancy to the terms/conditions of the contract. This is in agreement of the parties." (R4, tab 4 at 1)

3. The government thereafter reprocured the requirement from Anixter UK Ltd. as Contract No. W91GF5-07-M-3190 (R4, tab 8 at 1). That contract was completed successfully and paid in full (R4, tab 9).

4. By email dated 11 December 2014, Rawaat filed a notice of appeal, asserting that it was awarded the captioned contract and had delivered copper insulation wires but had not been paid. The Board thereupon docketed the appeal.

5. By correspondence to the Board the next day, Rawaat asked the Board to direct the contracting officer to issue a final decision (Bd. corr. file).

6. The government did not file an answer. Instead, by date of 20 January 2015, moved to dismiss for lack of jurisdiction. The government stipulated for purposes of the motion only that it awarded the contract to Rawaat (gov't mot. at 2). The government argued that the Board lacked jurisdiction because appellant had never submitted a claim to the contracting officer (*id.* at 3). The government also sought a stay of proceedings pending a decision on the motion, as the issue of jurisdiction is dispositive (*id.* at 5).

7. By date of 20 February 2015, the government filed a second motion to dismiss for lack of jurisdiction, together with a motion to stay proceedings. The government argued in this second motion that the appeal should be dismissed because Al Hujaz was the original contractor, not Rawaat.

## DECISION

"[O]ur [Contract Disputes Act] jurisdiction extends only to appeals by contractors." *CBI Services, Inc.*, ASBCA No. 34983, 88-1 BCA ¶ 20,430 at 103,337. Under 41 U.S.C. § 7104(a), only a "contractor" may appeal to the Board. The definition of a "contractor" is set out in 41 U.S.C. § 7101(7), which provides that "[t]he term 'contractor' means a party to a Federal Government contract other than the Federal Government." We have given effect to this statutory limitation in multiple contexts. *E.g., Binghamton Simulator Co.*, ASBCA No. 59117, 14-1 BCA ¶ 35,715 (dismissing subcontractor's appeal for lack of evidence of sponsorship by contractor); *CBI Services*, 88-1 BCA ¶ 20,430 at 103,337 (holding that the Board lacked jurisdiction over appeal by purported assignee); *Sheppard's Interior Construction Co.*, ASBCA No. 45902, 97-1 BCA ¶ 28,744 at 143,471, *aff'd*, 152 F.3d 947 (Fed. Cir. 1998) (table) (holding that substitution of former owner of contractor liquidated in bankruptcy would defeat jurisdiction).

As the proponent of our jurisdiction, Rawaat bears the burden of proving by a preponderance of the evidence that it is the "contractor" within 41 U.S.C. § 7101(7). On this record, Rawaat has failed to do so. On its face, the contract identifies only Al Hujaz as the contractor, with no mention of Rawaat (statement 1). Modification No. P00001, by which the contract was terminated, refers to the "vendor, Al-Hujaz" (statement 2). Other than uncorroborated assertions by its owner/manager (statement 4), the record contains nothing in any way supporting a contention that Rawaat was ever the contractor.

We accordingly grant the government's motion to dismiss the appeal for lack of jurisdiction. Given this disposition, we deny as moot the government's motion to

dismiss for failure to submit a claim to the contracting officer. We also deny as moot the government's motion for a stay of proceedings.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. The government's motion to dismiss for failure to submit a claim to the contracting officer, and the government's motion for a stay of proceedings, are denied as moot. The appeal is dismissed for lack of jurisdiction.

Dated: 19 February 2016

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59735, Appeal of Rawaat Algaidaa Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3